**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YIRA AMAYA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 22-cv-03711 |
| v. | ) ) | |
| ACCUMED CENTER, S.C. d/b/a MIDWEST COVID TESTING and SATISH PATEL | ) ) ) | |
| Defendants. | ) ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Yira Amaya brings this action on behalf of herself and all others similarly situated, and upon personal knowledge as to facts known to Plaintiff, and upon information and belief following investigation of counsel, alleges as follows against Accumed Center, S.C. d/b/a Midwest Covid Testing ("Accumed") and Satish Patel ("Patel") (collectively "Defendants"):

### INTRODUCTION

1.      This action seeks relief for Plaintiff, and past and present Accumed employees, whom Defendants failed to pay overtime.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff is a citizen of the State of Illinois and resides in this judicial district.

3.      Accumed is an Illinois corporation with principal offices in Bartlett, Illinois.

4.      Accumed owns and operates various medical centers located in Illinois and this judicial district, including COVID-19 testing centers where Plaintiff was employed, which operate under the trade name Midwest Covid Testing.

5.      Patel is a citizen of the State of Illinois and resides in this judicial district.

6.      Patel is a medical doctor and the sole owner and officer of Accumed.

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are citizens of, and regularly do business in, this judicial district and reside here, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

9.      Accumed owns, operates, or controls medical centers, including Covid-19 testing centers operated under the trade name Midwest Covid Testing.

10.      Accumed employed Plaintiff and other similarly situated individuals at its Covid-19 testing centers to administer and process Covid-19 tests ("Covid Test Employees")[1].

11.      Defendants caused Plaintiff and similarly situated Covid Test Employees to be employed and paid in a manner that violates Defendants' obligation to pay them as required under the Fair Labor Standards Act.

12.      Defendants have employed Plaintiff and other Covid Test Employees on an hourly basis.

13.      Plaintiff and other Covid Test Employees are not exempt from Defendants' obligation to pay them as required under the Fair Labor Standards Act.

14.      At relevant times, Plaintiff and similarly situated Covid Test Employees routinely worked in excess of 40 hours per week and Defendants failed to timely and properly pay them for overtime.

---

[1] Excluded from the definition of Covid Test Employees are managers at the Covid-19 Testing Centers.

15.     Defendants paid Plaintiff and similarly situated Covid Test Employees straight time, at their regular rate of pay, for hours worked in excess of 40 hours per week, rather than one and one-half times their regular rate of pay.

16.     Defendants' attempt to circumvent the Fair Labor Standards Act by informing their Covid Test Employees that they are contractors, when they are not.

17.     Defendants further attempt to misguide Covid Test Employees into believing they are contractors by paying them through the Zelle payment application, rather than through formal payroll, without taking out applicable payroll taxes.

18.     Defendants controlled all aspects of Plaintiff and other Covid Test Employees' work, including the hours worked, where they worked, and how they performed the work, and Defendants directly supervised Plaintiff and other Covid Test Employees.

19.     Plaintiff and other Covid Test Employees were provided and/or reimbursed for equipment and materials.

20.     The services rendered by Plaintiff and other Covid Test Employees to Defendants did not require a special set of skills and many Covid Test Employees have no formal medical training.

21.     The services rendered by Plaintiff and other Covid Test Employees was an integral part of Accumed's business, as the sole purpose of its Covid-19 test locations was to administer Covid-19 tests.

22.     Plaintiff began working for Defendants on approximately September 5, 2021, and continued working for Defendants until approximately January 13, 2022.

23.     Plaintiff worked at an Accumed Covid-19 testing center, operated under the trade name Midwest Covid Testing, located in Streamwood, Illinois.

24.     Plaintiff and other Covid Test Employees performed and processed Covid-19 tests for customers who came to get a Covid-19 test at the Accumed Covid-19 testing centers.  This included both administering the tests and processing the tests.

25.     Plaintiff's regular rate of pay was $20 per hour.

26.     Upon starting her employment, Plaintiff inquired whether she would receive time and one-half for overtime and was directly informed by a manager that she would not receive overtime pay for overtime worked, including as depicted here:



27.     Plaintiff and other Covid Test Employees were instructed to record their hours worked and report them to Accumed managers so that they could be paid.

28.     Plaintiff regularly worked in excess of forty (40) hours in a workweek.

29.     Plaintiff regularly reported to Defendants that she worked in excess of forty (40) hours in a workweek.

30.     Despite regularly working and reporting to Defendants that she worked in excess of forty (40) hours in a workweek, Defendants failed to pay Plaintiff for overtime hours at one and one-half times her regular rate of pay.

31.     Rather, Defendants paid Plaintiff for overtime hours as if they were straight time.

32.     It was Defendants' policy and practice to pay Covid Test Employees straight time for overtime hours, and similarly situated Covid Test Employees besides Plaintiff regularly worked and reported hours worked to Defendants in excess of forty (40) hours in a workweek and failed to receive overtime pay at one and one-half times their regular rate of pay.

33.     The policy and practice of paying Plaintiff and other Covid Test Employees straight time for overtime hours was created and enacted directly by Patel, who is Accumed's sole owner and officer.

34.     Patel had Accumed managers directly send him the hours worked by Plaintiff and other Covid Test Employees so he could review the hours, as shown in the messages below.





35.     Patel made significant day to day decisions affecting Plaintiff and other Covid Test Employees' compensation.

36.     Patel determined the amount to be paid to Plaintiff and other Covid Test Employees.

37.     Patel also personally made and/or oversaw the wage payments made to Plaintiff and other Covid Test Employees through the Zelle application.

38.     Patel made the decision to tell Covid Test Employees that they were contractors, when they were in fact employees.

39.     Due to Patel's direct involvement in failing to pay Plaintiff and other Covid Test Employees overtime as required, and his role as sole owner and officer of Accumed, Patel is personally liable.

40.     As a result, Defendants are each liable to Plaintiff and similarly situated Covid Test Employees for Defendants' failure to pay overtime at one and one-half time their regular rate, as required by the Fair Labor Standards Act.

## COLLECTIVE ACTION ALLEGATIONS

41.     As more fully set forth below, Plaintiff brings this Complaint individually, and as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of the following Collective:

> All Covid Test Employees who worked in an Accumed Covid-19 Testing location in the United States for more than 40 hours in a workweek, at any time during the preceding three years.

Excluded from the Collective[2] are current and former executives and officers of Accumed, Defendants' counsel, Plaintiff's counsel, and any member of the judiciary presiding over this action.

42.     An FLSA collective action will benefit Plaintiff and the many other employees who were similarly subject to Defendants' practice of failing to actually and correctly pay overtime wages.  The number and identities of such similarly situated employees are available from Defendants' records.

43.     Pursuant to 29 U.S.C. § 216(b), the facts set forth here satisfy the lenient requirements for maintenance of a collective action, and notice should be sent to the members of the Collective.

---

[2] Plaintiff reserves the right to modify or add Collective definitions as appropriate.

44.     Plaintiff consents to join this collective action.  *See* Exhibit A.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

45.     Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings this Count against Defendants individually and on behalf of the Collective.

46.     Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

47.     At relevant times, Plaintiff and other Collective members were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

48.     Pursuant to the FLSA, Defendants are required to pay Plaintiff and members of the Collective overtime for hours worked in excess of 40 in a workweek.

49.     Defendants' above-described decisions, practices, and policies prevented Plaintiff and other Collective members from receiving proper overtime compensation for all time they worked in excess of 40 hours per workweek at relevant times.

50.     In such workweeks, as part of their business practice, Defendants failed to properly pay overtime to Plaintiff and the Collective for work Defendants required, within three years preceding the filing of this Complaint, and accordingly Defendants also failed to keep adequate related records.

51.     Defendants failed to properly pay overtime to Plaintiff and the Collective for on-the-clock overtime work, because Defendants paid overtime at one time the regular rate rather than one and one-half times the regular rate at relevant times, as set forth above.

52.     The above-described conduct violates the FLSA and was part of Defendants' business practice at relevant times.

53. Defendants' failure to pay time and one-half overtime wages is willful and intentional.

54. At relevant times, Defendants did not make a good faith effort to comply with their duties to compensate Plaintiff and Collective members as required by the FLSA.

55. Defendants were aware and on notice of their duty to pay overtime at one and one-half times the regular rate of pay for overtime work performed by their Covid Test Employees, and attempted to avoid this duty by incorrectly informing employees that they were contractors.

56. As a result of Defendants' conduct, Plaintiff and the Collective were denied proper and timely overtime wages, as set forth above, and are entitled to damages, including back pay and lost wages, and liquidated damages as permitted by the FLSA in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully prays that the Court grant the following relief:

    a. Find that this case may be properly maintained as a FLSA collective action;

    b. Issue notice of this FLSA collective action advising members of the Collective that this civil action has been filed, of the nature of the action, and of their right to join this case;

    c. Find that Defendants violated and willfully violated the FLSA, and enter judgment accordingly;

    d. Award all damages and back-pay available under applicable law, including unpaid or untimely paid overtime wages, and an additional and equal amount as liquidated damages;

    e. Award pre-judgment and post-judgment interest as permitted by applicable law;

    f. Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable law and/or statute; and

Award such other and further relief as the Court deems just and appropriate.

YIRA AMAYA, on behalf of herself and all others similarly situated

By:  s/ Mark A. Bulgarelli, Esq.
      One of Plaintiffs' Attorneys

Ilan Chorowsky, Esq.
Mark A. Bulgarelli, Esq.
PROGRESSIVE LAW GROUP LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
(312) 787-2717 (voice)