UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YIRA AMAYA, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:22−cv−03711 |
| v. ) ) | Hon. Steven C. Seeger |
| ACCUMED CENTER, S.C. d/b/a ) MIDWEST COVID TESTING and ) SATISH PATEL, ) ) | |
| Defendants. ) ) | |

**UNOPPOSED MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT**

Plaintiff Yira Amaya, by and through her attorneys, hereby requests that this Court approve the settlement reached in this case, and in support thereof, states:

1. This case involves claims made by the Plaintiff under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. On July 18, 2022, Plaintiff filed a Complaint asserting claims under the FLSA seeking alleged unpaid overtime wages arising out of her previous work for Defendant Accumed Center S.C.

3. The Parties have reached a final resolution of their *bona fide* dispute with respect to Plaintiff's FLSA claims in this matter.

4. Plaintiff submits this Settlement Agreement to the Court now for review in compliance with the Court's November 8, 2022 Order (Dkt. #21), which ordered that this Motion be filed by November 15, 2022. *See* Settlement Agreement attached hereto as Exhibit A.

5. The Parties submit the Settlement Agreement to the Court for review and

approval pursuant to the FLSA, because FLSA settlements require court approval. *See Salcedo v. D'Arcy Buick GMC, Inc.,* 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) ("For this reason, settlement of claims for back wages under the FLSA require approval from the Department of Labor or from a district court."); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

6. The settlement reached between Plaintiff and Defendants, with respect to Plaintiff's claimed FLSA damages, was reached as a result of a contested, *bona fide* dispute, and represents a fair and reasonable compromise over the contested issues. Plaintiff will receive more than 80% of the maximum amount of alleged unpaid wages and liquidated damages she could recover at trial, and Plaintiff's recovery will not be diminished by attorneys' fees and costs. Defendants are separately making payment to Plaintiff's Counsel for their fees and costs under the FLSA's fee shifting provision. Further, the settlement was only reached after arms-length negotiations occurring during a period of approximately two months.

7. Defendants dispute any liability. However, the terms of the settlement are acceptable to Plaintiff and Defendants, and the settlement merits approval. *Lynn's Food Stores*, 679 F. 2d at 1354-55 (courts approve FLSA settlements when they are a "fair and reasonable resolution of a bona fide dispute over FLSA provisions").

8. The settlement has been approved and accepted by Plaintiff after having had a reasonable period of time to consider the settlement terms. Accordingly, Plaintiff entered into the Settlement Agreement voluntarily and knowingly, having understood fully the meaning and effect of her actions in executing the Settlement Agreement.

9. The Parties dispute whether any liability exists in the instant action. Nevertheless, the Parties agree that the Settlement Agreement is in their best interests because it allows both

Parties to avoid the uncertainties and risks associated with further litigation.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request that this Honorable Court approve the Parties' Settlement.

        Respectfully submitted,

        YIRA AMAYA

        s/ Mark A. Bulgarelli

        Mark A. Bulgarelli
        Ilan Chorowsky
        PROGRESSIVE LAW GROUP LLC
        1570 Oak Avenue, Suite 103
        Evanston, Illinois 60201
        (312) 787-2717 (voice)

        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 15th day of November, 2022, the foregoing Unopposed Motion for Entry of Order Approving Settlement was filed via the Court's CM/ECF system, which will send electronic notification to the attorneys of record at the e-mail addresses on file with the Court.

By: /s/ Mark A. Bulgarelli
One of the Plaintiff's Attorneys
